■ 308 EAST 39TH STREET CORPORATION, Respondent, v TRES CARABELAS, INC., et al., Appellants. — Order, Supreme Court, New York County, entered October 19, 1979, which granted plaintiff's motion to strike defendants' first, third and sixth affirmative defenses and dismissed the second affirmative defense with leave to replead it as an affirmative defense, unanimously modified, without costs, on the law and on the facts, to the extent of reinstating the third affirmative defense and dismissing the second affirmative defense with leave to defendants to apply to Special Term to replead those facts as a counterclaim only and, as so modified, affirmed. In their third affirmative defense defendants maintain Tres Carabelas, Inc., the restaurant operator, advised that certain of the restaurant's employees, contractors and suppliers were required to be paid in cash and plaintiff consented to having the restaurant's books reflect reduced sales to the extent of those cash payments. This defense was improperly stricken for it is a germane response to plaintiff's charge it was deceived by defendants' style of bookkeeping. Moreover if the restaurant's reported gross receipts were in fact reduced with plaintiff's consent, to that extent any claim for additional rents based on the actual net profits may have been waived. The second affirmative defense alleges plaintiff coerced Tres Carabelas, Inc., into excluding non-Spaniards from the restaurant, and into giving Spaniards illegal discounts. This is irrelevant to plaintiff's claims that the rent actually due was not paid, and defendants submitted false financial reports on which that rent was based. However, because coercion causing a defendant to suffer damages may give rise to a counterclaim defendants are granted leave to apply to Special Term to replead these facts as a counterclaim. Concur — Ross, J.P., Lupiano, Silverman, Yesawich and Carro, JJ.